IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOBLE BURGESS EL, office of Executor and absolute beneficiary for Christopher Jordan Burgess Estate<br>　　　　Plaintiff,<br><br>　　　v.<br><br>JERRY L. SANDERS, JR., and<br>NOLAN CUMMINGS, and<br>RANI ISSA<br>　　　　Defendants. | Civil No. 5:22-cv-04367-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                         **October 26, 2023**

     Plaintiff Nobel Burgess El filed a Complaint against Defendants Jerry L. Sanders, Delaware County Sheriff ("Sheriff Sanders"), Nolan Cummings, Ridley Township Police Officer ("Officer Cummings"), and Rani Issa alleging Fourth Amendment violation and civil conspiracy claims. Defendants Issa and Cummings move to dismiss the Complaint for failure to state a claim upon which relief can be granted. For the following reasons, the motion is granted.

**I.    ALLEGATIONS**

     Plaintiff Nobel Burgess El alleges claims against Defendant Sheriff Sanders, Defendant Officer Cummings, and Defendant Issa. Pl. Compl. at ¶ 1. Both Plaintiff and Defendant Issa claim to be the rightful owner of the property in dispute ("Property"). In February 2022, Plaintiff obtained a land patent to the Property. On March 3, 2022, per Court order, Defendants Sheriff Sanders and Officer Cummings evicted Plaintiff and other occupants from the Property. Plaintiff asserts that Defendant Issa conspired with Defendants Sheriff Sanders and Officer Cummings to wrongfully evict him from the Property and deprive him of his Fourth Amendment rights. *Id.*

II.  **STANDARD**

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). In other words, "there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008).

Third Circuit courts deploy a three-step analysis when faced with motions to dismiss. First, we identify "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). Next, we "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, we assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). For purposes of this analysis, we "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

Furthermore, "[o]n a motion to dismiss, the district court must read a *pro se* plaintiff's allegations liberally and apply a less stringent standard to the pleadings of a *pro se* plaintiff than

2

to a Complaint drafted by counsel." *Perlberger v. Caplan & Luber, LLP*, 152 F.Supp.2d 650, 653 (E.D. Pa. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n. 6 (3rd Cir. 1997)). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as a de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Gipson v. Sec'y, U.S. Dep't of the Treasury*, 675 F. App'x 960, 962 (11th Cir. 2017) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)).

### III.   DISCUSSION

#### A.  Motion to Dismiss Fourth Amendment Violation Claim

Plaintiff has alleged that he and others were wrongfully evicted from the Property. Plaintiff claims that his Fourth Amendment rights were violated when Defendant Sheriff Sanders, assisted by Defendant Officer Cummings at the request of Defendant Issa, evicted him.

The Fourth Amendment protects individuals from unlawful government searches and seizures. A seizure violates the Fourth Amendment only when it is unreasonable. *See Cinea v. Certo,* 84 F.3d 117, 124 (3rd Cir. 1996) (Holding that there was no Fourth Amendment Violation because defendants "had authority to levy on plaintiff's property per order of execution from a district justice"). A Fourth Amendment seizure of property occurs when there is "some meaningful interference with an individual's *possessory interests* in that property." *Snyder v. Daugherty*, 899 F. Supp. 2d 391, 410 (W.D. Pa. 2012) (emphasis in original) (citing *Abbott v. Latshaw*, 164 F.3d 141, 149 (3d Cir.1998)). An unreasonable seizure occurs when police officers "assist in an illegal eviction without an order, a writ, a warrant, or any other statutory authority." *Gerhart v. Com. of Pa.*, CIV.A. 09–CV–1145, 2009 WL 2581715, at *3 (E.D.Pa. Aug. 13, 2009). To prevail in a Fourth Amendment claim, the plaintiff 'must show that the actions of the Defendant: (1) constituted a 'search' or 'seizure' within the meaning of the Fourth Amendment,

and (2) were 'unreasonable' in light of the surrounding circumstances.'" *Vakkas v. Tyson Assocs.*, 2000 U.S. Dist. LEXIS 3827 at *12 (E.D. Pa. March 28, 2000). In their motion to dismiss, Defendants Issa and Officer Cummings argue that Plaintiff has not alleged sufficient facts for a Fourth Amendment claim. In response, Plaintiff asserts that he is the rightful owner of the Property and that his ownership is public knowledge due to its publication in the official record.

In his Complaint, Plaintiff has not alleged sufficient facts to support a Fourth Amendment violation. Plaintiff claims to be the property owner through a land patent obtained in 2022. Pl. Compl. at ¶ 1. But land patents do not establish good title because they are a "self-serving, gratuitous activity [that] does not, cannot, and will not be sufficient by itself to create good title." *Hilgeford v. Peoples Bank*, 607 F.Supp. 536, 538 (N.D. Ind. 1985); *see also Nixon v. Individual Head of St. Joseph Mortg. Co.*, 612 F. Supp. 253, 255 (N.D. Ind. 1985). Plaintiff otherwise provides only vague allegations against the Defendants. Plaintiff alleges that the Defendants conspired to dispose him of the property but relies on blanket assertions to give rise to a constitutional claim. Plaintiff asserts that the Officers did not have probable cause to dispossess him of the Property, yet the police paperwork attached to Plaintiff's own complaint indicates that Defendants Sheriff Sanders and Officer Cummings were acting pursuant to a court order authorizing eviction of Plaintiff. "Assuming . . . that the officers were acting pursuant to a court order . . . a showing of unreasonableness on these facts would be a laborious task indeed." *Soldal v. Cook County*, 506 U.S. 56, 71 (1992) (citing *Simms v. Slacum*, 7 U.S. 300, 301 (1806)).

The conclusory allegations here do not allow the Court to infer a constitutional violation of law, whether explicitly or implicitly. It is not enough to state Defendants wrong him, Plaintiff must allege facts that tell the Court how he was wronged. The Plaintiff fails to state a claim upon which relief may be granted.

### B. Motion to Dismiss Civil Conspiracy Claim

Plaintiff next alleges Defendant Issa conspired with Defendants Sheriff Sanders and Officer Cummings to deprive him of possession of the property. Civil conspiracy occurs when two or more persons conspire to engage in illegal activity. To state a conspiracy claim, a plaintiff must "establish (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp.3d 631, 647 (E.D. Pa. 2014) (citing *Gale v. Storti*, 608 F.Supp.2d 629, 635 (E.D.Pa.2009)).

The Plaintiff must allege plausible facts concerning "(1) the period of the conspiracy; (2) the object of the conspiracy; and (3) certain actions of the alleged conspirators taken to achieve that purpose." *Hankin Fam. P'ship v. Upper Merion Twp.*, No. 01-CV-1622, 2012 WL 43599, at *17 (E.D. Pa. Jan. 6, 2012); *see also Rosembert*, 14 F. Supp. 3d at 648 ("To withstand a motion to dismiss, a Complaint alleging a civil rights conspiracy should identify with particularity the conduct violating plaintiffs' rights, the time and place of these actions, and the people responsible therefore."). A plaintiff cannot use speculative conclusions that the defendants must have conspired as evidence of an agreement between the defendants to deprive the plaintiff of his constitutional rights. *See Williams v. Hammer*, No. 21-CV-0312, 2023 U.S. Dist. LEXIS 82525, at *18 (E.D. Pa. May 11, 2023).

The agreement can be either express or implied. It can be proved by presenting testimony from a witness who heard the alleged conspirators discussing the agreement or the Plaintiff may present evidence of circumstances from which the agreement can be inferred.

With respect to the deprivation of the Plaintiff's rights, as discussed above, the Plaintiff has failed to establish a violation of his constitutional rights. Therefore, the conspiracy claim fails. Moreover, in his Complaint, Plaintiff asserts Defendant Issa conspired with Defendants Sheriff

Sanders and Officer Cummings to wrongfully evict him from the Property but he does not present a time frame or any specific allegations as to actions taken in furtherance of the conspiracy. Plaintiff merely speculates that a scheme existed, which is insufficient to survive a motion to dismiss. *See Villarosa v. N. Coventry Twp.,* No. 15-CV-4975, 2016 WL 4062731, at *10 (E.D. Pa. July 28, 2016).

### C. Qualified Immunity

Defendant Officer Cummings moves to dismiss all of Plaintiff's claims and asserts that he is immune from suit under qualified immunity. To determine if qualified immunity applies, the Court must analyze the following: (1) whether the facts show that the officer's conduct violated a federal right and (2) whether the right in question was clearly established at the time of the violation. *Colon v. Kinnel*, No. 5:21-cv-03337-JMG, 2023 U.S. Dist. LEXIS 19121, at *8 (E.D. Pa. Feb. 6, 2023). When a defendant asserts a qualified immunity defense in a motion to dismiss, "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim but also those that defeat the immunity defense." *Cosme v. Faucher*, No. 3:21-cv-1341, 2022 U.S. Dist. LEXIS 84029, at *4 (Conn. Dist. Ct. May 10, 2022) (citing *Neary v. Wu*, 753 F. App'x 82, 84 (2d Cir. 2019)). Whereas "[a] defense of qualified immunity will support a motion to dismiss . . . only if the plaintiff cannot state any facts that would prevent the application of qualified immunity." *Id.* at 5. In granting Defendant Officer Cummings motion to dismiss, the Court does not need to address the qualified immunity defense at this time.

### D. Leave to Amend

Third Circuit precedent "supports the notion that in civil rights cases, district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Leave to amend should be liberally

granted "when the party seeking leave to amend appears *pro se. Pro* se plaintiffs should be given an opportunity to amend their complaints unless it clearly appears that the deficiency cannot be overcome by amendment." *Nelson v. Service*, 1995 U.S. Dist. LEXIS 6673 at *6 (E.D. Pa. May 17, 1995). The Court, therefore, dismisses Plaintiff's claims without prejudice and will permit the Plaintiff to file a curative amendment within 21 days of this Opinion's issuance.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Cummings' and Defendant Issa's motions to dismiss are **GRANTED**.  An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge